FILED

2013 JAN -4  AM II: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

TERESA R. TRACY, ESQ. (SBN 89609)
Email:   ttracy@gladstonemichel.com
GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
Mail Service:
  Post Office Box 92621
  Los Angeles, CA  90009-9998
Location:
  4551 Glencoe Avenue, Suite 300
  Marina del Rey, CA  90292-7925
Tel:  (310) 821-9000 • Fax: (310) 775-8775

Attorneys for Defendant
AIRCRAFT SERVICE INTERNATIONAL, INC.

KEITH A. JACOBY, ESQ. (SBN 150233)
Email:   kjacoby@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Tel:  (310)553-0308  • Fax: (310) 553-5583

Co-Counsel Defendant
AIRCRAFT SERVICE INTERNATIONAL, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CHRISTOPHER PERRY,
individually and on behalf of all
others similarly situated,

                    Plaintiff,

vs.

AIRCRAFT SERVICE
INTERNATIONAL, INC. and
DOE ONE THROUGH AND
INCLUDING DOE ONE
HUNDRED,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV13-00059-SVW (AGRx)

**NOTICE OF REMOVAL**

[Federal Question and Class Action
Fairness Act of 2005]

(Los Angeles Superior Court Case No.
BC496522)

Complaint Filed:   November 30, 2012

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND TO HIS

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant AIRCRAFT SERVICE INTERNATIONAL, INC. ("ASII") removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

This removal is based on 28 U.S.C. sections 1332, 1441 and 1446, and specifically based on the existence of a federal question under the federal Fair Labor Standards Act ("FLSA") and the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## BACKGROUND

1.      On November 30, 2012, Christopher Perry ("Plaintiff") filed a class and collective action complaint against ASII alleging claims for missed meal and rest breaks, unpaid minimum wage and overtime, timely payment of final wages, and unfair competition, as well as a claim for unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. sections 206 and 207, on behalf of himself and a putative class of employees and former employees in various nonexempt positions at the Los Angeles International Airport and other locations throughout California, identified as cargo ramp agents and those hourly employees with similar titles or job duties ("Complaint").  True and correct copies of the Summons, Complaint and Civil Case Cover Sheet are attached as Exhibit A pursuant to 28 U.S.C. section 1446(a).

## TIMELINESS OF REMOVAL

2.      The Complaint was served on ASII on December 7, 2012. (Declaration of Teresa R. Tracy in Support of Defendant Aircraft Service International, Inc.'s Removal to Federal Court ("Tracy Decl."), par. 5 as Exhibit 2).  This Notice of Removal is timely as it is filed within 30 days of the date the Complaint was served on ASII.  28 U.S.C. section 1446(b).

## ORIGINAL JURISDICTION – FLSA

3.      This action is a civil action of which this Court has original

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1  jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to

2  this Court by ASII pursuant to the provisions of 28 U.S.C. section 1441(a) in that

3  the Fifth Cause of Action alleges a violation of the federal FLSA, 29 U.S.C.

4  sections 206 and 207.

5         4.     There are no other defendants who have been served with the

6  Summons and Complaint in this action.

7                 **ORIGINAL JURISDICTION – CAFA**

8         5.     In the alternative, this Court has original jurisdiction over this action

9  pursuant to CAFA, codified in pertinent part at 28 U.S.C. section 1332(d). As set

10  forth below, this action is properly removable, pursuant to 28 U.S.C. section

11  1441(a). CAFA grants district courts original jurisdiction over civil class actions

12  filed under federal or state law in which any member of a class of plaintiffs is a

13  citizen of a state different than any defendant, and the amount in controversy for

14  the putative class members in the aggregate exceeds $5,000,000, exclusive of

15  interest and costs. CAFA authorizes removal of such actions in accordance with

16  28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's

17  requirements for removal because the proposed class contains at least 100

18  members, there is diversity between at least one class member and one defendant,

19  and the amount in controversy for all class members exceeds $5,000,000. See 28

20  U.S.C. sections 1332(d).

21                           **VENUE**

22         6.     This action was originally brought in the Superior Court of the State

23  of California, County of Los Angeles. (Exhibit A). Venue lies in the Central

24  District of this Court because it is the district court where the state court action is

25  pending. See 28 U.S.C. sections 84(c), 1391(b), 1441(a), 1446(a).

26               **STATUS OF THE PLEADINGS**

27         7.     This lawsuit arises out of Plaintiff's employment with ASII. On

28  November 30, 2012, ("Plaintiff") filed the Complaint in the Superior Court of the

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

57381 Notice of Removal-r6.docx

3

State of California, County of Los Angeles, entitled *Christopher Perry,*
*individually and on behalf of all others similarly situated v. Aircraft Service*
*International, Inc. and Doe One through and including Doe One Hundred,* Case
No. BC496522.

       8.     The Complaint asserts the following claims for relief: (1) Violation of
California Labor Code sections 226.7 and 512 (meal and rest period violations); (2)
Violation of California Labor Code sections 510 and 1194 (unpaid minimum wage
and overtime); (3) Violation of California Labor Code sections 201, 202 and 203
(timely payment of final wages); (4) California Business and Professions Code
section 17200, et seq. (disgorgement of profits); and (5) Violation of Fair Labor
Standards Act, 29 U.S.C. sections 206 and 207 (recovery of unpaid minimum wage
and overtime). (Complaint, Exhibit A). The class and collective action complaint
against ASII alleges claims for missed meal and rest breaks, unpaid minimum
wage and overtime, timely payment of final wages, and unfair competition, as well
as a claim for unpaid minimum wage and overtime under the Fair Labor Standards
Act, 29 U.S.C. sections 206 and 207, on behalf of himself and a putative class of
employees and former employees in various nonexempt positions at the Los
Angeles International Airport and other locations throughout California, identified
as cargo ramp agents and those hourly employees with similar titles or job duties.

       9.     True and correct copies of all other documents filed with the Superior
Court of the County of Los Angeles are attached as Exhibit B pursuant to 28
U.S.C. section 1446(a).

       10.    To ASII's knowledge, no other pleadings, process or orders related to
this case have been filed with the Superior Court for the County of Los Angeles.

**NOTICE OF REMOVAL**

       11.    Contemporaneously with the filing of this Notice of Removal in this
Court, written notice of the removal will be given by the undersigned to Plaintiff's
counsel of record, Jonathan Ricasa, Esq., of Law Office of Jonathan Ricasa, and a

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

57381 Notice of Removal-r6.docx

4

1  copy of this Notice of Removal will be filed with the Clerk of the Superior Court

2  of the State of California in and for the County of Los Angeles, as required by 28

3  U.S.C. section 1446(d).

4  **CAFA JURISDICTION**

5      12.   <u>The Proposed Class Contains More Than 100 Members</u>.  In his

6  Complaint, Plaintiff is pursuing his alleged claims on behalf of himself and a class

7  of employees that he ostensibly describes as belonging to three subclasses defined

8  as follows:

> **Meal Period Subclass:**  All persons employed by
> Aircraft Service International, Inc. at Los Angeles
> International Airport as Cargo Ramp Agents and those
> with similar titles or job duties who were paid on an
> hourly basis and worked at any time more than five hours
> per day and did not receive a 30 minute meal period,
> during the period from four years before the filing of the
> Complaint through the date of the filing of a motion for
> class certification in this case.

> **Rest Period Subclass:**  All persons employed by
> Aircraft Service International, Inc. in California as Cargo
> Ramp Agents and those with similar titles or job duties
> who were paid on an hourly basis and worked at any time
> more than three and one-half hours per day and did not
> receive a ten minute rest period, during the period from
> four years before the filing of the Complaint through the
> date of the filing of a motion for class certification in this
> ease.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

**Former Employee Subclass:** All persons employed by Aircraft Service International, Inc. in California as Cargo Ramp Agents and those with similar titles or job duties who were paid on an hourly basis whose employment ended during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case.

(Complaint, Exhibit A, par. 31).  Plaintiff alleges that "the number of class members is great, believed to be in excess of 500 current and former employees." (Complaint, Exhibit A, par. 35).

13.   ASII contends that the actual number of individuals in the class and subclasses alleged by Plaintiff is well in excess of 100.  There were approximately 285 Cargo Ramp Agents terminated during the years 2009, 2010, 2011, and 2012. This number does not include actively-employed Cargo Ramp Agents during this period who were not terminated.  Plaintiff is seeking waiting time penalties for all Cargo Ramp Agents who were terminated during this period of time.  (Declaration of Alana Robinson in Support of Defendant Aircraft Service International, Inc.'s Removal to Federal Court ("Robinson Decl."), par. 7; Tracy Decl., par. 4(d)).

14.   Defendants Are Not Governmental Entities.  Defendants are not states, state officials or any other governmental entities.

15.   CAFA Diversity of Party Citizenship Exists.  CAFA has a minimal diversity requirement that is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. sections 1332(d)(2)(A); 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris,* 394 U.S. 332, 339-40 (1969).  Diversity of citizenship exists here and meets the requirements of section 1332(d)(2)(A) because Plaintiff and ASII are

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

57381 Notice of Removal-r6.docx

6

1   citizens of different states.

2         16.   <u>Plaintiff's Citizenship</u>.  ASII is informed and believes, and on that

3   basis alleges, that Plaintiff is currently a resident of the State of California.  To

4   establish citizenship for diversity purposes, a natural person must be both (a) a

5   citizen of the United States, and (b) a domiciliary of one particular state.  *Kantor v.*

6   *Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima

7   facie evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514,

8   520 (10th Cir. 1994).  Plaintiff alleges that Plaintiff worked in Los Angeles County.

9   (Complaint, Exhibit A, par. 1, 2, 11, 12, 13).  Furthermore, to ASII's knowledge,

10  based on its personnel records, throughout the time Plaintiff worked for ASII he

11  was both a citizen of the United States, resided in California, and worked for ASII

12  in California.  (Robinson Decl., par. 5).  Accordingly, Plaintiff is a citizen of the

13  state of California.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

14  2001)(person's domicile is the place he resides with the intention to remain).

15        17.   In addition, Plaintiff seeks to represent similarly situated employees

16  who currently or previously worked for ASII within the State of California.

17  (Complaint, Exhibit A, par. 31).

18        18.   <u>ASII's Citizenship</u>.  Pursuant to 28 U.S.C. section 1332(c), "a

19  corporation shall be deemed to be a citizen of any State by which it has been

20  incorporated and of the State where it has its principal place of business."  The

21  appropriate test to determine a corporation's principal place of business is the

22  "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under

23  the "nerve center" test, the principal place of business is the state where the

24  corporation's officers direct, control, and coordinate the corporation's activities"

25  and where the corporation maintains its headquarters.

26        19.   ASII is now, and ever since this action commenced has been,

27  incorporated under the laws of the State of Delaware, with its principal place of

28  business in Orlando, Florida.  ASII's principal place of business is Florida because

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

NOTICE OF REMOVAL

Orlando, Florida is the site of ASII's "national office" for purpose of performing executive functions. ASII's executive operations are managed from this location, including but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general operations of its business. (Robinson Decl., paragraph 4). Since ASII's "nerve center" is Florida, its principal place of business is Florida.

20.   Doe Defendants. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1322. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)(unnamed defendants are not required to join removal petition). Thus, the existence of Doe defendants one through one hundred, inclusive, does not deprive this Court of jurisdiction.

**THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.**

21.   The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. section 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class action in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 49 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly,

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1   with a strong preference that interstate class actions should be heard in a federal
2   court if properly removed by any defendants."). Here, Plaintiff has not
3   affirmatively alleged that the amount in controversy is less than the jurisdictional
4   threshold, therefore ASII does not need to prove with legal certainty that CAFA's
5   jurisdictional amount is met. Rather, because the Complaint is unclear and
6   ambiguous whether the requisite amount in controversy is pled, a preponderance of
7   evidence standard applies. See *Abrego Abrego v. The Dow Chemical Co.*, 443
8   F.3d 676, 688-90 (9th Cir. 2006)(preponderance of evidence standard applies where
9   plaintiff "seeks no specific amount in damages" – court will consider facts in
10  removal petition to determine whether jurisdictional requirements are met). See
11  also, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir.
12  2007)(preponderance of evidence standard used because complaint was unclear);
13  *Zador v. Spring/United Management Co.*, 2011 U.S.Dist. LEXIS 33383, *5-6 (S.D.
14  Cal. March 29, 2011)(same). Although ASII expressly denies any liability for any
15  of the damages alleged in the Complaint, for purposes of determining whether the
16  minimum amount in controversy has been satisfied, the Court must look to the
17  allegations of the Plaintiff and presume that Plaintiff will prevail on all of the
18  claims. *Kenneth Rothschild Trust v. MorganStanley Dean Witter*, 199 F. Supp. 2d
19  993, 1001 (C.D. Cal. 2002)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096
20  (11th Cir. 1994))(stating that the amount in controversy analysis presumes that
21  "plaintiff prevails on his liability"). Put differently, "[t]he amount in controversy
22  is simply an estimate of the total amount in dispute, not a prospective assessment
23  of [Defendant's] liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395,
24  400 (9th Cir. 2010); see also, *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982,
25  986 (S.D. Cal. 2005).
26          22.    Here, the Complaint alleges a putative class that is "in excess of 500
27  current and former employees" and spans employees across California at a
28  minimum of two airports with a variety of job titles and job duties. (Complaint,

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

NOTICE OF REMOVAL

Exhibit A, par. 2, 5, 31, 35, 44). ASII denies that Plaintiff or the putative class is
entitled to anything by the Complaint, as Plaintiff's claims rest on faulty
assumptions. Nevertheless, the amount in controversy is dictated by Plaintiff's
claims, not the merits. Plaintiff alleges multiple sources of potential remedies and
penalties in the Complaint for himself and an expansive group of current and
former employees: (1) meal and rest break premium pay; (2) unpaid minimum
wage and overtime; (3) waiting time penalties; (4) liquidated damages under Labor
Code section 1194.2 and the federal FLSA, 29 U.S.C. section 216; and (5)
attorney's fees. (Complaint, Exhibit A). The Complaint alleges that ASII violated
California Labor Code sections 201, 202, 203, 226.7, 510, 512, 1194, and 1198,
California Business and Professions Code section 17200, et seq., Industrial Wage
Order 9-2001, and the Fair Labor Standards Act, 29 U.S.C. sections 206 and 207.
As set forth below, simply by looking at Plaintiff's claim, it is obvious and
apparent that the amount in controversy implicated by the class-wide allegations
exceeds $5,000,000.

      23.    Plaintiff asserts that the relevant time periods covering the claims at
issue in this case is the four years prior to the filing of the Complaint through the
date of the filing of a motion for class certification in this case, except for the
FLSA claims for which the statute of limitations is three years. (Complaint,
Exhibit A, par. 31; Tracy Decl., par. 4).

      24.    <u>Waiting Time Penalties</u>. Plaintiff seeks waiting time penalties under
California Labor Code section 203 for the putative class for each hourly employee
who was terminated or quit and not timely paid wages. (Complaint, Exhibit A,
par. 31, 55-58). Plaintiff and putative class members seek statutory penalties under
Labor Code section 203 of up to 30 days' pay for failure to pay all wages due at
termination. Plaintiff alleges that ASII never paid Plaintiff or putative class
members wages due for missed meal and rest periods, minimum wages and
overtime. (Complaint, Exhibit A, par. 48-58; Tracy Decl., par 4(d)). Therefore,

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

NOTICE OF REMOVAL

1   per the allegations in the Complaint, Plaintiff seeks 30 days' wages for each

2   employee whose employment terminated more than 30 days ago during the four-

3   year period alleged for the putative class.

4       25.     There is a three-year statute of limitations for claims for waiting time

5   penalties under Labor Code section 203.  See Cal. Lab. Code section 203; Cal.

6   Code Civ. Proc. Section 338.  However, Plaintiff alleges that, under California

7   Business and Professions Code section 17200, et seq., the limitations period is four

8   years and that, since violations of Labor Code section 201 through 203 constitute

9   violations of Business and Professions Code section 17200, et seq., Plaintiff is

10  entitled to damages for the period starting four years prior to the filing of the

11  Complaint, and he is seeking waiting time penalties for that entire period.

12  (Complaint, Exhibit A, par. 59-62, 69; Tracy Decl., par. 4(d)).

13      26.     During the period November 2008 through the end of 2012, there are

14  approximately 65 former putative class members who were terminated with an

15  average hourly rate of pay of $9.69 at the time of termination.  There were

16  approximately 285 Cargo Ramp Agents terminated with an average hourly rate of

17  pay of $9.57 at the time of termination. During this time, the average number of

18  hours worked per day by these employees was 6.6 hours. (Robinson Decl., par. 7,

19  8).

20      27.     Taken together, based on the number of former employees, the

21  potential waiting time penalties under Labor Code section 203 is approximately

22  **$540,035.10.** (Calculated as follows:  $9.57 x 6.6 hours per day x 30 days x 285

23  former employees = $540,035.10).

24      28.     Missed Meal and Rest Periods.  Plaintiff also seeks penalties for

25  missed meal and rest breaks under Cal. Lab. Code sections 226.7 and 512 for

26  himself and each member of the putative class for every day worked. (Complaint,

27  Exhibit A, par. 11-14).  Therefore, per the allegations of the Complaint, Plaintiff

28  and the putative class members seek two hours' pay for every day worked for a

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

NOTICE OF REMOVAL

1   four-year period and continuing.  (Tracy Decl., par. 4 (a)-(c)).

2        29.    There is a three-year statute of limitations for claims for meal and rest

3   break penalties.  *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1114

4   (2007); Cal. Code Civ. Proc. section 338.  However, Plaintiff alleges that, under

5   California Business and Professions Code section 17200, et seq., the limitations

6   period is four years and that, since violations of Labor Code sections 226.7 and

7   512 constitute violations of Business and Professions Code section 17200, et seq.,

8   Plaintiff and the putative class members are entitled to these penalties for the

9   period starting four years prior to the filing of the Complaint.  (Complaint, Exhibit

10  A, par. 59-62, 69; Tracy Decl., par. 4(a)-(c)).

11       30.    During the years 2008, 2009, 2010, and 2012, During this period of

12  time, (a) there was an approximate average of 179.5 Cargo Ramp Employees

13  employed each year; (b) the approximate average number of days worked by these

14  employees was 151.5 days per year; (c) the overall approximate average hourly

15  rate of pay for these employees was $9.99; and (d) the approximate average

16  number of hours worked per day was 6.6.  (Robinson Decl., par. 8, 9).  Therefore,

17  the employees worked an approximate average number of hours each day to entitle

18  them to rest and meal breaks, and if meal and rest breaks were not provided in

19  compliance with California law, the maximum penalty would be two hours' pay

20  for each employee for each day worked (one hour for a missed rest break, and one

21  hour for a missed meal break.).

22       31.    Taken together, based on the number of person-days worked, the

23  potential damages for meal and rest break penalties under Labor Code sections

24  226.7 and 512 is approximately **$2,173,364.46**. ($9.99 x 2 hours per day in

25  penalties x 151.5.5 days worked each year x 4 years x 179.5 persons =

26  $2,173,364.46).

27       32.    <u>Minimum Wages</u>.  Plaintiff also seeks payment for time allegedly

28  worked but not paid, including any overtime, pursuant to Labor Code sections 510

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

**NOTICE OF REMOVAL**

and 1194, and the FLSA, 29 U.S.C. sections 206 and 207.  He seeks these payments for himself and each member of the putative class/opt-in individuals for every day worked.  (Complaint, Exhibit A, Second and Fifth Causes of Action; Tracy Decl., par. 4(a)-(c)).  Therefore, per the allegations of the Complaint, Plaintiff and the putative class members seek at least .5 hour pay for every day worked, given that he alleges that time treated by Defendant as unpaid meal break time was not properly treated that way because they were not provided meal breaks before the end of the fifth hour of work, and/or they were not relieved of all duties and because they were required to remain at the workplace and standby for duty (Complaint, Exhibit A, par. 11, 12, Second and Fifth Causes of Action).

33.     There is a two-year statute of limitations for unpaid minimum wage and overtime under the FLSA, which is extended to three years under the FLSA under certain circumstances.  29 U.S.C. section 255; 29 C.F.R. section 790.21. There is a three-year statute of limitations for claims under California state law for minimum wages and overtime. Cal. Code Civ. Proc. Section 338(a); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163 (2000)(C.C.P. section 338(a) would normally apply in an action to recover unpaid overtime brought pursuant to Labor Code section 1194).  However, Plaintiff alleges that, under California Business and Professions Code section 17200, et seq., the limitations period is four years and that, since violations of Labor Code section 226.7 and 512 constitute violations of Business and Professions Code section 17200, et seq., Plaintiff and the putative class members are entitled to these payments for the period starting four years prior to the filing of the Complaint.  (Complaint, Exhibit A, par. 31, as incorporated into the Second and Fifth Causes of Action; Tracy Decl., par. 4(a)-(c)).

34.     During the years 2009, 2010, 2011, and 2012, (a) there were an approximate average of 179.5 Cargo Ramp Employees employed each year; (b) the approximate average number of days worked by these employees was 151.5 days

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1   per year; (c) the overall approximate average hourly rate of pay for these

2   employees was $9.99; and (d) the approximate average number of hours worked

3   per day was 6.6.  (Robinson Decl., par. 8, 9).

4       35.   Taken together, based on the number of person-days worked, the

5   potential damages for .5 hour of time treated as an unpaid meal break but which

6   Plaintiffs contend did not constitute a proper meal break is approximately

7   **$543,341.12**.  (Calculated as follows:  $9.99 x .5 hour x 179.5 employees x 151.5

8   days x 4 years - $543,341.12).

9       36.   <u>Liquidated Damages</u>.  Plaintiff is also seeking liquidated damages

10  under both state and federal law.  These laws provide for liquidated damages in the

11  amount of the unpaid wages.  (Complaint, Exhibit A, par. 54 and 77; California

12  Labor Code section 1194.2; 29 U.S.C. section 216).  The state and federal laws are

13  separate laws, and Plaintiff will therefore contend that these penalties are

14  cumulative and each is in addition to any other remedy provided under any other

15  law or regulation.  (Tracy Decl., par. 4(e)).  The unpaid wages alleged by Plaintiffs

16  are the .5 hour during which they claim they worked but were unpaid, and which

17  was improperly deducted as a meal break.  (Tracy Decl., par. 4(a)-(e)).  Taken

18  together, the estimated unpaid wages, as calculated in paragraph 34 above, is

19  approximately $543,341.12.  This is therefore the approximate amount of

20  liquidated damages potentially available under state law, as well as the amount

21  separately and potentially available under federal law, for a total of **$1,086,682.24**.

22      37.   <u>Prejudgment Interest</u>.  Prejudgment interest is available for wage

23  claims under both state and federal law.  Labor Code section 218.6; *Biggs v.*

24  *Wilson*, 1 F.3d 1537 (9th Cir. 1993)(FLSA); *Schneider v. County of San Diego*, 285

25  F.3d 784, 793-94 (9th Cir. 2002)(prejudgment interest appropriate when awarding

26  just compensation).  The rate under California state law is 10% per annum.  Civil

27  Code section 3289(b).  Although prejudgment interest on wages accrues at the time

28  of each paycheck, for the purpose of this discussion it is calculated simply on a

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

57381 Notice of Removal-r6.docx

14

NOTICE OF REMOVAL

pro-rata basis at 10% per annum. This amount is approximately **$325,674.07**. (Calculated as follows: $3,256,740.60 / 4 = $814,185.17; $814,185.17 x .1 x 4 = $325,674.07).

38. <u>Attorney's Fees</u>. Plaintiff also seeks attorney's fees. (Complaint, Exhibit A, par. 54, 72, 77, and Plaintiff's Prayer). These fees must be also be taken into account in ascertaining the amount in controversy. See *Gault G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)(claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Fees could be as much as thirty percent of the judgment. See *In re Rite Aide Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005)(noting study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period); *Jack v. Hartford Fire Ins. Co.*, 2011 WL 4899942 (S.D. Cal., Oct. 13, 2011)(reduced fee from 30% of fund to 25% of fund, stating that in the Ninth Circuit, "25% is presumptively a reasonable fee in a class action"); *In re Wells Fargo Loan Processor Overtime Pay*, 2011 WL 3352460 N.D. Cal. 2011 (25% of recovery); *McKenzie v. Federal Express Corp.*, Case No. CV 10-02420 GAF (PLAx) (C.D. Cal. July 2, 2012)(25%).

39. Assuming attorney's fees of 25% of an award for all of the above claims and amounts, attorney's fees would be approximately **$1,085,855.73**. (Calculated as follows: $4,343,422.92 x .25 = $1,085,855.73).

40. Accordingly, it is far more likely than not that the amount in controversy is approximately **$5,754,952.72**, well in excess of $5,000,000.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

1    WHEREFORE, ASII requests that the above action pending before the

2  Superior Court of the State of California for the County of Los Angeles be

3  removed to the United States District Court for the Central District of California.

4

5

6  DATED: January 4, 2013              GLADSTONE MICHEL
                                        WEISBERG WILLNER & SLOANE, ALC
7

8                                       By:

9                                          TERESA R. PRACY
                                           Attorneys for Defendant
10                                         AIRCRAFT SERVICE INTERNATIONAL,
                                           INC.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

57381 Notice of Removal-r6.docx                16

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Aircraft Service International, Inc., and Doe One through and including
Doe One Hundred,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christopher Perry, individually and on behalf of all others similarly
situated,

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Los Angeles Superior Court

NOV 30 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles Superior Court

111 North Hill Street, Los Angeles, California 90012

</td><td>

CASE NUMBER:
*(Número del Caso):*

BC496522

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Ricasa, 2341 Westwood Boulevard, Suite 7, Los Angeles, California, 90064

<table>
<tr><td>

DATE:
*(Fecha)*   NOV 30 2012

</td><td>

Clerk, by
*(Secretario)*   Shaunya Wesley

</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT ___A___
PAGE ___17___

1   Jonathan Ricasa (SBN 223550)
2   LAW OFFICE OF JONATHAN RICASA
    2341 Westwood Boulevard, Suite 7
3   Los Angeles, California 90064
    Telephone: 424.248.0510
4   Facsimile: 424.204.0652
    jricasa@ricasalaw.com
5
    Attorney for Plaintiff
6   Christopher Perry
7
8

**FILED**
Los Angeles Superior Court

NOV 30 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
    SHAUNYA WESLEY

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF LOS ANGELES

11                              CENTRAL DISTRICT

12                                          BC 496522

| | | |
|---|---|---|
| 13  Christopher Perry, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| 14 | ) ) | Unlimited Civil Case Over $25,000 |
| 15              Plaintiff, | ) ) | **COMPLAINT** [CLASS ACTION] |
| 16        v. | ) ) | |
| 17  Aircraft Service International, Inc., and Doe One through and including Doe One Hundred, | ) ) ) | 1.  Cal. Lab. Code §§ 226.7, 512—Meal and Rest Period Violations |
| 18 | ) ) | 2.  Cal. Lab. Code §§ 510, 1194—  Recovery of Unpaid Minimum Wage and Overtime |
| 19              Defendants. | ) ) ) | |
| 20 | ) ) | 3.  Cal. Lab. Code §§ 201, 202 and 203— Timely Payment of Final Wages |
| 21 | ) ) | 4.  Cal. Bus. & Prof. Code § 17200 *et seq.*—Disgorgement of Profits |
| 22 | ) ) | |
| 23 | ) ) | 5.  Fair Labor Standards Act, 29 U.S.C. §§ 206, 207— Recovery of Unpaid Minimum Wage and Overtime |
| 24 | ) ) | |
| 25 | ) | DEMAND FOR JURY TRIAL |

26
27
28

CIT/CASE:
LEA/DEF#:
BC496522
RECEIPT #: CCH465980019
DATE PAID: 11/30/12 10:15 AM
RECEIVED:
PAYMENT: $435.00
CARD#:
CHECK:
CASH:
$0.00
$0.00
$0.00
$435.00
316
EXHIBIT A
PAGE 18

COMES NOW Plaintiff, and for his causes of action against Defendant, alleges:

## PARTIES AND JURISDICTION

1.      Plaintiff Christopher Perry is an individual who, during the time periods relevant to this Complaint, was employed by Defendant Aircraft Service International, Inc. ("ASI").

2.      At all relevant times herein, Defendant served as the employer of Plaintiff, class members, and collective action members.  Defendant provides ground support for airplane cargo on behalf of client-companies in the aviation sector.  Upon information and belief, Plaintiff alleges that Defendant employs workers at airports including but not limited to Los Angeles International Airport ("LAX") and Ontario International Airport.

3.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does One through One Hundred, but Plaintiff will seek leave to amend this Complaint to allege their true names and capacities once they are ascertained.  Upon information and belief, Plaintiff makes all allegations contained in this Complaint against all of the Defendants, including Doe One through One Hundred.

## FACTUAL BACKGROUND

4.      This Complaint asserts claims against ASI for violations of California Labor Code sections 201, 202, 203, 226.7, 510, 512, 1194 and 1198 of the California Labor Code, violations of 8 California Code of Regulations section 11090, violations of Industrial Welfare Commission (the "Commission") wage order No. 9-2001 or the applicable wage order, violations of section 17200 *et seq.* of the California Business and Professions Code, and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207.

5.      Upon information and belief, Plaintiff alleges that at airports in California including but not limited to LAX and Ontario International Airport, ASI employs non-exempt workers under the job title Cargo Ramp Agent.

6.      All Cargo Ramp Agents are subject to identical or nearly identical policies and procedures related to employee compensation.  ASI maintains a highly standardized human resources and management structure.  ASI's companywide policies are developed at the company's headquarters and communicated down to the airport level.  These systematic and companywide policies originating at

EXHIBIT A
PAGE 19

the corporate level were a cause of the illegal pay practices.

7.     Cargo Ramp Agents are classified as non-exempt by ASI and entitled to receive overtime pay. Cargo Ramp Agents are paid an hourly wage.

8.     Cargo Ramp Agents are similarly situated in that Defendant failed to provide them with all required meal and rest periods, and failed to timely furnish them with a final paycheck encompassing all unpaid earned wages following separation of employment.

9.     The right to meal and rest periods has been codified in sections 226.7 and 512 of the California Labor Code.  At all relevant times mentioned herein, section 226.7 provided:

(a)  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b)  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

10.     Employers are required to schedule meal periods before the end of the fifth hour of work. At all times relevant herein, the Commission wage order No. 9-2001, codified as section 11090 of 8 California Code of Regulations, provided, in relevant part:

11. Meal Periods
(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.
. . .
(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.
(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.
(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.
. . .
12. Rest Periods

EXHIBIT A
PAGE 20

1
2
3
4

   (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

5
6
7

   (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

8

8 Cal. Code Regs. § 11090.

9
10

   11. At LAX, on several occasions, Perry and other Cargo Ramp Agents were not provided with meal periods before the end of the fifth hour of work.

11
12
13
14
15
16
17

   12. Perry and other Cargo Ramp Agents were not provided with meal and rest periods where they were relieved of all duties.  At LAX, Perry and other Cargo Ramp Agents were not provided with proper meal periods because they were required to remain at the workplace and standby for duty.  At LAX, Defendant on occasion utilized a time reporting form called "Green Sheets" for Cargo Ramp Agents to report when they were not provided a meal period, which was used to pay one hour of premium pay when a meal period was not provided.  However, at LAX, Defendant systematically failed to make the form available for use at all times.

18
19
20
21
22

   13. At LAX, Perry and other Cargo Ramp Agents were not provided with an additional hour of pay for each workday that the meal period was not properly provided.  ASI's employment records will reveal those instances during which Cargo Ramp Agents at LAX were either precluded from enjoying their meal period before the end of their fifth hour of work or were denied a meal period at any time during their shift.

23
24

   14. Perry and other Cargo Ramp Agents were not provided with an additional hour of pay for each workday that the rest period was not properly provided.

25
26
27
28

   15. ASI's failure to pay Cargo Ramp Agents for missed meal and rest periods systematically violated the mandatory requirements of sections 226.7 and 512 of the California Labor Code and Industrial Welfare Commission wage order No. 9-2001 or the applicable wage order, codified as section 11090 of 8 California Code of Regulations.  As a result, Cargo Ramp Agents were routinely denied

EXHIBIT A
PAGE 21

proper compensation for missed meal and rest periods.

16.     ASI's practices violate section 1198 of the California Labor Code which provided:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Cal. Lab. Code § 1198.

17.     In light of ASI's failure to pay wage premiums for missed meal and rest periods, Defendant willfully failed to pay wages promptly upon Cargo Ramp Agents' termination or resignation.

18.     California Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.  At all relevant times mentioned herein, the relevant portion of section 201(a) of the California Labor Code provided:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."  Cal. Lab. Code § 201(a).

19.     At all relevant times mentioned herein, the relevant portion of section 202(a) of the California Labor Code provided: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter." Cal. Lab. Code § 202(a).

20.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

21.     After Plaintiff quit his employment, Defendant required him to later return to the

EXHIBIT A
PAGE 22

Defendant's offices to pick up his final paycheck.  Because Cargo Ramp Agents who were separated from their employment did not receive wage premiums for missed meal and rest periods and did not receive all their final wages at the time required by California Labor Code sections 201-202, Cargo Ramp Agents are entitled to continuing wages under Labor Code section 203.

22.    At all relevant times mentioned herein, section 510(a) of the California Labor Code provided, in part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

Cal. Lab. Code § 510(a).

23.    Section 1194 of the California Labor Code provided:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194(a).

24.    Defendant's failure to timely pay Plaintiff and Cargo Ramp Agents after discharge was in violation of California Labor Code sections 510 and 1194.

25.    Defendant's conduct of willfully failing to pay wages earned and unpaid promptly upon Cargo Ramp Agents' termination or resignation violates the California Labor Code and also constitutes unfair competition and unlawful, unfair, and fraudulent acts and practices within the meaning of section 17200 *et seq.* of the California Business and Professions Code.

26.    ASI's Cargo Ramp Agents use a centralized timekeeping system to record their hours worked.

27.    ASI's timekeeping system records should readily be available on a class-wide basis.

EXHIBIT A
PAGE 23

28.     ASI engaged in systematic and uniform timekeeping practices with respect to its Cargo Ramp Agents that were unlawful, unfair and deceptive to them.

29.     The net effect of ASI's policy and practice, instituted and approved by company managers, is that it willfully fails to pay wage premiums on account of missed meal and rest periods, and that it fails to timely pay minimum wages and overtime in order to save payroll costs.  ASI enjoys ill-gained profits at the expense of its Cargo Ramp Agents.

## CLASS-ACTION ALLEGATIONS

30.     Plaintiff brings this action individually and as a class action pursuant to California Code of Civil Procedure section 382.

31.     The subclass members are defined as follows:

**Meal Period Subclass:** All persons employed by Aircraft Service International, Inc.  at Los Angeles International Airport as Cargo Ramp Agents and those with similar titles or job duties who were paid on an hourly basis and worked at any time more than five hours per day and did not receive a 30 minute meal period, during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case.

**Rest Period Subclass:** All persons employed by Aircraft Service International, Inc. in California as Cargo Ramp Agents and those with similar titles or job duties who were paid on an hourly basis and worked at any time more than three and one-half hours per day and did not receive a ten minute rest period, during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case.

**Former Employee Subclass:** All persons employed by Aircraft Service International, Inc. in California as Cargo Ramp Agents and those with similar titles or job duties who were paid on an hourly basis whose employment ended during the period from four years before the filing of the Complaint through the date of the filing of a motion for class certification in this case.

32.     Plaintiff reserves the right to modify the subclass definitions after further discovery.

33.     Plaintiff contends Defendant, as to each Meal Period Subclass member and Rest Period Subclass member, failed to provide meal and rest periods, as required by sections 226.7 and 512 of the California Labor Code and California Code of Regulations, Title 8, section 11090, and that Defendant's failure to provide the legally mandated meal and rest periods entitles them to one additional hour of pay for each workday he or she was not provided the proper meal period and one additional hour of pay for

EXHIBIT A
PAGE 24

each workday he or she was not provided the proper rest period.

34.    Plaintiff contends that Defendant's failure to make wage payments within the time provided by section 201 and/or 202 of the California Labor Code has been and is "willful" within the meaning of section 203 of the California Labor Code and that, accordingly, each Former Employee Subclass member is entitled to the continuing wages provided for by section 203.

35.    Numerosity. The number of class members is great, believed to be in excess of 500 current and former employees. It therefore is impractical to join each class member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

36.    Ascertainability. Despite the size of the proposed classes, the class members are readily ascertainable through an examination of the records that ASI is required by law to keep. Likewise, the dollar amount owed to each class member is readily ascertainable by an examination of those same records.

37.    Commonality. Common questions of fact and of law predominate in the class member's claims over individual issues regarding the money owed to each class member. The questions include, but are not limited to, the following:

a.    Whether Defendant's policies and practices described in this Complaint were and are illegal.

b.    Whether Defendant failed to provide legally mandated meal and rest periods to its Cargo Ramp Agents at LAX.

c.    Whether Defendant failed to pay one additional hour of pay at the employees' regular rate of pay for each workday that the meal period was not provided and one additional hour of pay at the employees' regular rate of pay for each workday that the rest period was not provided.

d.    Whether Defendant failed to pay minimum wages and overtime wages to its employees in violation of section 1194 of the California Labor Code.

e.    Whether Defendant failed to pay all wages in a timely fashion upon each and

EXHIBIT A
PAGE 25

every employee's discharge from or resignation of employment in violation of sections 201 and/or 202 of the California Labor Code.

      f.     Whether Defendant's conduct constitutes unlawful, unfair, or fraudulent business practices.

      g.     Whether Defendant's conduct constitutes unfair competition.

      h.     Whether its employees are entitled to restitution as a result of Defendant's conduct from not providing employees with all wages earned and unpaid promptly upon termination or resignation.

      i.     Whether Defendant's misconduct as alleged herein was intentional.

38.    Community of Interest. There is a well-defined community of interest in the questions of law and fact common to the class members.

39.    Typicality. Plaintiff's claims are typical of the claims of the class members, which claims all arise from the same general operative facts, namely, Defendant did not compensate its employees as required by sections 201, 202, 203, 226.7, 510, 512, 1194 and 1198 of the California Labor Code, 8 California Code of Regulations section 11090, and Commission wage order No. 9-2001 or the applicable wage order. The Plaintiff has no conflict of interest with the other class members and is able to represent the class members' interests fairly and adequately.

40.    Superiority. A class action is a superior method for the fair and efficient adjudication of this controversy. The persons within the class are so numerous that joinder of all of them is impracticable. The disposition of all claims of the members of the class in a class action, rather than in individual actions, benefits the parties and the Court. The interest of the class members in controlling the prosecution of separate claims against Defendant is small when compared with the efficiency of a class action.

41.    Adequacy of Representation. The Representative Plaintiff in this class action is an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and the Representative Plaintiff has the same interest in the litigation of this case as the class members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has

EXHIBIT A
PAGE 26

retained competent counsel, experienced in litigation of this nature.  The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole.

42.  <u>Manageability</u>.  Although the number of class members is great, believed to be in excess of 500 current and former employees, the matter is manageable as a class action and the data required to establish liability and prove damages is readily available, and almost all of it is available in computerized databases.

43.  In addition to asserting class-action claims, pursuant to California Business and Professions Code section 17200 *et seq.*, Plaintiff asserts a claim on behalf of the general public.  Plaintiff seeks to require Defendant to pay restitution of all monies wrongfully obtained by it through its unfair, unlawful, and/or deceptive business practices.  A representative action is necessary and appropriate because Defendant has engaged in the wrongful acts described herein as a general business practice.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44.  Plaintiff brings this action individually and as a collective action.  The collective action is defined as follows:

**Collective Action:** All persons employed by Aircraft Service International, Inc. in California as Cargo Ramp Agents and those with similar titles or job duties who were paid on an hourly basis whose employment ended during the period from three years before the filing of the Complaint through the date of the filing of a motion for certification of a collective action in this case.

45.  Plaintiff and the Collective Action Members are similarly situated in that (a) Plaintiff and the Collective Action Members were employees of Defendant; and (b) Defendant knowingly and willfully violated provisions of the FLSA by not timely paying Plaintiff and the Collective Action Members their minimum wages and overtime after discharge.

46.  This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 as to claims for liquidated damages, costs, and attorney's fees.

47.  All individuals employed by Defendant should be given notice and should be allowed to give their consent in writing, in other words, to "opt in," to the collective action pursuant to 29 U.S.C. § 216.

## FIRST CAUSE OF ACTION

10
COMPLAINT

EXHIBIT A
PAGE 27

(Cal. Lab. Code §§ 226.7, 512, Failure to Provide Meal and Rest Periods)

(On Behalf of Plaintiff, Meal Period Subclass Members, and Rest Period Subclass Members)

48.   Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

49.   Plaintiff, Meal Period Subclass members and Rest Period Subclass members were not provided time to take all required meal and rest periods during their work shifts.

50.   Accordingly, Plaintiff, Meal Period Subclass members, and Rest Period Subclass members are entitled to compensation of at least one hour of pay for each workday during which they were not provided the proper meal period and one hour of pay for each workday during which they were not provided the proper rest period.

## SECOND CAUSE OF ACTION

(Cal. Lab. Code §§ 510, 1194, Failure to Pay Minimum Wage and Overtime)

(On Behalf of Plaintiff and Former Employee Subclass Members)

51.   Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

52.   Failure of an employer to pay its employees the legal minimum wage and/or the legal overtime compensation applicable to the employer violates, *inter alia*, sections 510 and 1194 of the California Labor Code.

53.   During the relevant time period, Defendant failed to timely pay Plaintiff and Former Employee Subclass members their minimum wages and overtime compensation due and owing to them after discharge, and thereby violated sections 510 and 1194 of the California Labor Code.

54.   Accordingly, Plaintiff and Former Employee Subclass members are entitled to recover their liquidated damages under section 1194.2 of the California Labor Code, and Plaintiff is entitled to costs and attorney's fees as provided for in section 1194 of the California Labor Code.

## THIRD CAUSE OF ACTION

(Cal. Lab. Code §§ 201, 202, 203, Failure to Pay Final Wages Timely)

(On Behalf of Plaintiff and Former Employee Subclass Members)

EXHIBIT A
PAGE 28

55.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

56.     At all times herein relevant, Labor Code sections 201 and 202 provided that employees must receive wages earned and unpaid promptly upon termination or resignation.

57.     Because Defendant has willfully failed to pay wages earned and unpaid promptly upon termination or resignation, Defendant is liable for continuing wages under Labor Code section 203.

58.     Plaintiff and Former Employee Subclass Members are therefore entitled to continuing wages from the date on which their final wages were due until the date on which Defendant makes payment of the wages, not to exceed thirty days.

## FOURTH CAUSE OF ACTION

(Violations of Section 17200 *et seq.* of the California Business and Professions Code)

(On Behalf of Plaintiff, Meal Period Subclass Members, Rest Period Subclass Members, and Former Employee Subclass Members)

59.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

60.     Plaintiff suffered direct harm from the illegal business practices herein alleged.

61.     Beginning at an exact date unknown to Plaintiff, Defendant has committed acts of unfair business practice as defined in Business and Professions Code section 17200 *et seq.* by engaging in the following acts and practices: (1) failing to provide its employees with legally mandated meal and rest periods in accordance with sections 226.7 and 512 of the California Labor Code, 8 California Code of Regulations section 11090, and Commission wage order No. 9-2001 or the applicable wage order; and (2) requiring its employees to work without paying wages earned and unpaid promptly upon termination or resignation, in violation of California Labor Code sections 201 and 202.

62.     Defendant's violation of the applicable wage order is in contravention of state law and, consequently, constitutes an unlawful business act or practice within the meaning of Business and Professions Code section 17200 *et seq.*

63.     Labor Code section 90.5(a) articulates the public policy of this State to enforce minimum

EXHIBIT A
PAGE 29

labor standards vigorously.

64.     Through the wrongful and illegal conduct alleged herein, Defendant has acted contrary to the public policy of this State.

65.     As a result of Defendant's violations of the UCL, Defendant has unjustly enriched itself at the expense of its employees.

66.     To prevent this unjust enrichment, Defendant should be required to make restitution to its employees, as identified in this Complaint (and as will be identified through discovery into Defendant's books and records).

67.     Plaintiff requests that the Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair practices, as provided in section 17203 of the California Business and Professions Code.

68.     Plaintiff is a "person" within the meaning of section 17204 of the California Business and Professions Code, and has standing to bring this cause of action.

69.     Pursuant to section 17203 of the California Code of Civil Procedure, Plaintiff requests restitution of all sums obtained by Defendant in violation of section 17200 *et seq.* of the California Business and Professions Code for the period of time from the four years preceding the filing of the Complaint.

70.     The named Plaintiff is a person who has suffered damage as a result of the unlawful actions of Defendant herein alleged.  The actions of Defendant herein alleged are in violation of statute, the applicable wage order and in contravention of established public policy, and, accordingly, a court order compelling it to make restitution is a vindication of an important public right.  The extent to which Defendant has been unjustly enriched as a result of its unlawful and unfair business practices is a matter that can be ascertained by examination of the payroll and accounting records that Defendant are required by law to keep and maintain and that Defendant has kept and maintained.

71.     The conduct of Defendant, as alleged herein, has been deleterious to Plaintiff.  Plaintiff's efforts in securing the requested relief will result "in the enforcement of an important right affecting the public interest." Cal. Civ. Proc. Code § 1021.5.  Moreover, because "the necessity and financial burden

EXHIBIT    A
PAGE    30

of private enforcement . . . are such as to make [an attorney's fee] award appropriate, and [because attorney's] fees should not in the interest of justice be paid out of the recovery, if any," Cal. Civ. Proc. Code § 1021.5, Plaintiff requests that the Court also award reasonable attorney's fees pursuant to the provisions of section 1021.5 of the California Code of Civil Procedure.

72.     Pursuant to section 17205, the remedies and penalties provided by section 17200 *et seq.* are cumulative to the remedies and penalties available under all other laws of this state.

**FIFTH CAUSE OF ACTION**

(FLSA, 29 U.S.C. §§ 206, 207, Minimum Wage and Overtime)

(On Behalf of Plaintiff and Collective Action Members)

73.     Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

74.     Pursuant to 29 U.S.C. § 206, individuals are required to be paid minimum wages for work.

75.     Pursuant to 29 U.S.C. § 207, individuals are required to be paid overtime for work in excess of forty hours per week.

76.     Plaintiff and Collective Action Members were not timely paid the minimum wages and overtime wages to which they were entitled after discharge.

77.     Accordingly, pursuant to 29 U.S.C. § 216, Plaintiff and Collective Action Members are entitled to liquidated damages in an amount according to proof, attorney's fees, and costs of suit.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1.     That, with respect to the First Cause of Action, it be adjudged that the failure of Defendant to provide Plaintiff, Meal Period Subclass members, and Rest Period Subclass members proper meal and rest periods entitles them to one additional hour of pay for each day a meal period was missed, and one additional hour of pay for each day a rest period was missed, in an amount according to proof.

2.     That, with respect to the Second Cause of Action, it be adjudged that the failure of Defendant to timely provide Plaintiff and Former Employee Subclass members their overtime wages

14
COMPLAINT

EXHIBIT A
PAGE 31

and/or minimum wages after discharge entitles them to liquidated damages in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit.

3.      That, with respect to the Third Cause of Action, it be adjudged that the failure of Defendant to make payment of wages within the time prescribed by sections 201 and/or 202 of the California Labor Code was "willful" within the meaning of section 203 of the California Labor Code and that this Court award Plaintiff and Former Employee Subclass members continuing wages in an amount according to proof.

4.      That, under the Fourth Cause of Action, it be adjudged that Defendant's violations of sections 201, 202, 203, 226.7, 510, and 1198 of the California Labor Code, violated section 17200 *et seq.* of the California Business and Professions Code.  Accordingly, Plaintiff requests that the Court order Defendant to pay restitution in the form of underpaid compensation for missed meal period and rest periods and continuing wages unlawfully retained by Defendant, with interest.  Finally, Plaintiff requests that the Court award Plaintiff his reasonable attorney's fees and costs incurred in the prosecution of the Fourth Cause of Action pursuant to section 1021.5 of the California Code of Civil Procedure.

5.      That, with respect to the Fifth Cause of Action, it be adjudged that the failure of Defendant to timely provide Plaintiff and Collective Action Members their unpaid minimum wages and overtime after discharge entitles Plaintiff and Collective Action Members damages in an amount according to proof, interest thereon, reasonable attorney's fees and cost of suit.

6.      For such further relief as the Court may order.

Plaintiff requests a trial by jury as to all causes of action.

DATED:  November 30, 2012          LAW OFFICE OF JONATHAN RICASA


                                   _____
                                   Jonathan Ricasa
                                   Attorney for Plaintiff Christopher Perry

EXHIBIT A
PAGE 32

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jonathan Ricasa (SBN 223550)
Law Office of Jonathan Ricasa
2341 Westwood Boulevard, Suite 7
Los Angeles, California 90064
TELEPHONE NO.: (424) 248-0510   FAX NO.: (424) 204-0652
ATTORNEY FOR (Name): Christopher Perry

**FILED**
Los Angeles Superior Court

NOV 30 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME:
Perry v. Aircraft Service International, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC496522 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): Five
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 30, 2012
Jonathan Ricasa
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A
PAGE 33

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition



EXHIBIT A
PAGE 34

| SHORT TITLE: Perry v. Aircraft Service International, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

EXHIBIT A
PAGE 35

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Perry v. Aircraft Service International, Inc. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice <br> ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. <br> 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case <br> ☐ A6109  Labor Commissioner Appeals | 1., 2., 3. <br> 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) <br> ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) <br> ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) <br> ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5. <br> 2., 5. <br> 1., 2., 5. <br> 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff <br> ☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6. <br> 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud <br> ☐ A6031  Tortious Interference <br> ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5. <br> 1., 2., 3., 5. <br> 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure <br> ☐ A6032  Quiet Title <br> ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. <br> 2., 6. <br> 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT A
PAGE 36

| SHORT TITLE: Perry v. Aircraft Service International, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT   A
PAGE   37

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Perry v. Aircraft Service International, Inc. | CASE NUMBER |
| --- | --- |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11001 Aviation Boulevard |
| --- | --- |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 |
| --- | --- | --- |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: November 30, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT B

1   TERESA R. TRACY, ESQ. (SBN 89609)
    Email:      ttracy@gladstonemichel.com
2   GLADSTONE MICHEL
    WEISBERG WILLNER & SLOANE, ALC
3   Mail Service:
     Post Office Box 92621
4    Los Angeles, CA  90009-9998
    Location:
5    4551 Glencoe Avenue, Suite 300
     Marina del Rey, CA  90292-7925
6   Tel: (310) 821-9000 • Fax: (310) 775-8775
    Attorneys for Defendant
7   AIRCRAFT SERVICE INTERNATIONAL, INC.

8
    KEITH A. JACOBY, ESQ. (SBN 150233)
9   Email:      kjacoby@littler.com
    LITTLER MENDELSON P.C.
10  2049 Century Park East, 5th Floor
    Los Angeles, CA  90067-3107
11  Tel: (310)553-0308 • Fax: (310) 553-5583
    Co-Counsel Defendant
12  AIRCRAFT SERVICE INTERNATIONAL, INC.

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                  **FOR THE COUNTY OF LOS ANGELES**

15

16
    CHRISTOPHER PERRY, individually        CASE NO. BC 496522
17  and on behalf of all others similarly
    situated,                              [Assigned for all purposes to
18                                         Hon. William F. Highberger, Dept. 307]
                    Plaintiff,
19                                         **NOTICE OF APPEARANCE**
    vs.
20
    AIRCRAFT SERVICE
21  INTERNATIONAL, INC., and
    DOE ONE THROUGH AND
22  INCLUDING DOE ONE HUNDRED,
                                           Date Action Field:  November 30, 2012
23                  Defendants.            Trial Date:   None Set

24

25

26       TO THE CLERK OF THE COURT, PLAINTIFF CHRISTOPHER PERRY AND

27  HIS COUNSEL OF RECORD:

28

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 3 1 2012

John A. Clarke, Executive Officer/Clerk
BY Luis Barahona, Deputy

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA  90009-9998

57381 Notice of Appearance.docx                    1
                    NOTICE OF APPEARANCE

EXHIBIT B
PAGE 39

1    PLEASE TAKE NOTICE that Teresa R. Tracy and the law firm of Gladstone

2  Michel Weisberg Willner & Sloane, ALC and Keith A. Jacoby and the law firm of Littler

3  Mendelson P.C. have been retained by Defendant Aircraft Service International, Inc.

4  ("ASII") to represent it in this action.

5    This Notice of Appearance is for purposes of identification of counsel and

6  preparation of a service list only, and is without prejudice to any challenge by ASII to the

7  jurisdiction of the Court, substantive or procedural challenges to the Complaint brought

8  by ASII, or affirmative defenses raised by ASII in its responsive pleading(s).

9

10  DATED: December 31, 2012          GLADSTONE MICHEL
                                      WEISBERG WILLNER & SLOANE, ALC
11

12                                    BY: _____
13                                         TERESA R. TRACY
                                          Attorneys for Defendant
14                                        AIRCRAFT SERVICE INTERNATIONAL,
                                          INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
P.O. Box 92621
Los Angeles, CA 90009-9998

# AFFIDAVIT AND DECLARATION OF PROOF OF SERVICE

I am over the age of eighteen years and not a party to the within action. I am employed by Gladstone Michel Weisberg Willner & Sloane, ALC, whose business address is: 4551 Glencoe Avenue, Suite 300, Marina del Rey, California 90292 ("the firm").

On December 31, 2012, I served the within document(s) described as: **NOTICE OF APPEARANCE** on the interested parties in this action:

☒  by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s)
☐ addressed as follows: ☐ addressed as stated on the attached mailing list.

JONATHAN RICASA, ESQ.
LAW OFFICE OF JONATHAN RICASA
2341 Westwood Blvd., Suite 7
Los Angeles, CA 90064
*Attorney for Plaintiff*

KEITH A. JACOBY, ESQ.
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
*Co-Counsel for Defendant*

☒  **BY MAIL**(C.C.P. § 1013(a))–I deposited such envelope(s) for processing in the mail room in our offices. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Marina del Rey, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐  (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 31, 2012, at Marina del Rey, California.

*Elaine Myashiro*
ELAINE MIYASHIRO

57381 Notice of Appearance.docx

3

NOTICE OF APPEARANCE

EXHIBIT B
PAGE 41

1 | Jonathan Ricasa (SBN 223550)
LAW OFFICE OF JONATHAN RICASA
2 | 2341 Westwood Boulevard, Suite 7
Los Angeles, California 90064
3 | Telephone: 424.248.0510
Facsimile: 424.204.0652
4 | jricasa@ricasalaw.com

5 | Attorney for Plaintiff
Christopher Perry
6
7
8

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 28 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Robin Sanchez

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          FOR THE COUNTY OF LOS ANGELES

11                                  CENTRAL CIVIL WEST

12

13 | Christopher Perry, individually and on         ) | Case No. BC496522
behalf of all others similarly situated,        )
14 |                                               ) | ASSIGNED FOR ALL PURPOSES TO
                    Plaintiff,                    ) | JUDGE HON. WILLIAM F. HIGHBERGER
15 |                                               )
            v.                                     ) | **MOTION FOR PEREMPTORY**
16 |                                               ) | **CHALLENGE**
Aircraft Service International, Inc., and        )
17 | Doe One through and including Doe One         ) | [CODE OF CIVIL PROCEDURE § 170.6]
Hundred,                                         )
18 |                                               ) | Complaint filed: November 30, 2012
                    Defendants.                   )
19 |                                               )
                                                  ) | Dept. 307
20 |                                               )
                                                  )
21 |                                               )
                                                  )
22 |                                               )
                                                  )
23 |                                               )
                                                  )
24 | _____            )

25
26
27
28

1

MOTION FOR PEREMPTORY CHALLENGE

EXHIBIT  B
PAGE  42

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEASE TAKE NOTICE that the attorneys for Plaintiff Christopher Perry ("Plaintiff") in the above-entitled matter hereby moves that this case, which involves contested issues of law and/or fact, and which has been assigned to the Honorable William F. Highberger for all purposes, be reassigned from that judge and that no matters hereinafter arising in the case be heard by or assigned to the Honorable William F. Highberger on the grounds that said judge is prejudice against Plaintiff or his interests in this action.

The motion is based upon the matters contained herein, section 170.6 of the California Code of Civil Procedure, and the supporting Affidavit of Prejudice filed and served concurrently herewith.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested by this motion.

Dated: December 28, 2012                                   LAW OFFICE OF JONATHAN RICASA


                                                           Jonathan Ricasa
                                                           Attorney for Plaintiff Christopher Perry

EXHIBIT B
PAGE 43

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Jonathan Ricasa<br>LAW OFFICE OF JONATHAN RICASA<br>2341 Westwood Boulevard, Suite 7<br>Los Angeles, California 90064<br>Telephone:(424) 248-0510 Fascimile: (424) 204-0652 | STATE BAR NUMBER<br>(SBN 223550) | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name): Christopher Perry

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

600 South Commonwealth Avenue, Los Angeles, California 90005

PLAINTIFF:

CHRISTOPHER PERRY

DEFENDANT:

AIRCRAFT SERVICE INTERNATIONAL, INC.

| AFFIDAVIT OF PREJUDICE<br>PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BC496522 |
|---|---|

| Name of Judicial Officer<br>William F. Highberger | Dept./Div. Number<br>307 | |
|---|---|---|
| ☑ Judge | ☐ Commissioner | ☐ Referee |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California<br>that the foregoing is true and correct. | | |
|---|---|---|
| Date:<br>December 28, 2012 | Signature of Declarant | Jonathan Ricasa<br>(Name of Party)<br>☑ Plaintiff      ☐ Cross Complainant<br>☐ Defendant    ☐ Cross Defendant |

LACIV 015 (Rev. 01/07)
LASC Approved 04-04

## AFFIDAVIT OF PREJUDICE
### PEREMPTORY CHALLENGE TO JUDICIAL OFFICER

Code Civ. Proc., § 170.6

EXHIBIT B
PAGE 44

1

## PROOF OF SERVICE

2

3   I am employed with the law firm of Law Office of Jonathan Ricasa, whose address is 2341 Westwood Boulevard, Suite 7, Lost Angeles, California 90064. I am over the age of eighteen years, and not a party to the within action. On December 28, 2012, I served the within documents: **MOTION FOR**

4   **PEREMPTORY CHALLENGE.**

5   I caused such to be delivered by fax to:

6   N/a.

7   I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage

8   thereon fully prepaid in the ordinary course of business, addressed as follows:

9   Aircraft Service International, Inc.
C/o CT Corporation System

10   818 West 7th Street
Los Angeles, California 90017

11

12   Stacey E. James
Gladstone Michel Weisberg Willner & Sloane, ALC
4551 Glencoe Avenue, Suite 300

13   Marina del Rey, California 90292

14   I declare under penalty of perjury that the above is true and correct. Executed on December 28, 2012 at Los Angeles, California.

15

16

17                                        Katya Velasquez

18

19

20

21

22

23

24

25

26

27

28

3

MOTION FOR PEREMPTORY CHALLENGE

EXHIBIT  B
PAGE  45

**FILED**
Superior Court Of California
County Of Los Angeles

DEC 2 0 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
J. Schmiesing

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

| | |
|---|---|
| CHRISTOPHER PERRY | Case No.: BC496522 |
| Plaintiff, | INITIAL STATUS CONFERENCE ORDER (COMPLEX LITIGATION PROGRAM) |
| vs. | Case Assigned for All Purposes to Judge William F. Highberger |
| AIRCRAFT SERVICE INTERNATIONAL, INC., et al. | |
| Defendants. | Department: 307 Date: February 04, 2013 Time: 1:30 p.m. |

This case has been assigned for all purposes to Judge William F. Highberger the Complex Litigation Program. An Initial Status Conference is set for February 04, 2013 at 1:30 p.m. in Department 307 located in the Central Civil West Courthouse at 600 South Commonwealth Avenue, Los Angeles, California 90005. Counsel for all parties are ordered to attend.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five court days before the Initial Status Conference.

INITIAL STATUS CONFERENCE ORDER

EXHIBIT B
PAGE 46

The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement).

**1. PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

**2. POTENTIAL ADDITIONAL PARTIES:** Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

**3. IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain.

**4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

**5. ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

**6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

**7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

**8. POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel are to identify and

-2-

INITIAL STATUS CONFERENCE ORDER

EXHIBIT B
PAGE 47

describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues.  The vehicles include:

- ■ Motion to Compel Arbitration,
- ■ Early motions in limine,
- ■ Early motions about particular jury instructions and verdict forms,
- ■ Demurrers,
- ■ Motions to strike,
- ■ Motions for judgment on the pleadings, and
- ■ Motions for summary judgment and summary adjudication.

**NOTE: Effective 2012, by stipulation a party may move for summary adjudication of a legal issue or a claim for damages that does not completely dispose of a cause of action, an affirmative defense, or an issue of duty[1]. Counsels are to analyze, discuss, and report on the relevance of this powerful new procedure.**

**9. CLASS CONTACT INFORMATION:**  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4[th] 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it?  Should there be a third-party administrator?

**10. PROTECTIVE ORDERS:**  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**11. DISCOVERY:**  Please discuss discovery.  Do the parties agree on a plan?  If not, can

---

[1] See Code Civ. Proc. § 437c, subd. (s)

-3-

EXHIBIT B
PAGE 48

the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.   The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[2].

**12.  INSURANCE COVERAGE:**  Please state  (1) if there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**13.  ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each party's position about it.  If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**14.  TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**15.  ELECTRONIC SERVICE OF PAPERS:**  For efficiency the complex program requires the parties in every new case to use a third-party cloud service, such as:

- ■ Case Anywhere (www.caseanywhere.com),

---

[2] See California Rule of Court, Rule 3.768.

EXHIBIT  B
PAGE  49

-4-

INITIAL STATUS CONFERENCE ORDER

1    ■ CaseHomePage (www.casehomepage.com), or

2    ■ Lexis-Nexis File & Serve (www.lexisnexis.com/fileandserve).

3    Please agree on one and submit the parties' choice when filing the Joint Initial Status

4    Conference Class Action Response Statement.  If there is agreement, please identify the vendor. If

5    parties cannot agree, the court will select the vendor at the Initial Status Conference.  Electronic

6    service is not the same as electronic filing.  Only traditional methods of filing by physical delivery

7    of original papers or by fax filing are presently acceptable.

8

9    **Reminder When Seeking To Dismiss Or To Obtain Settlement Approval:**

10   "A dismissal of an entire class action, or of any party or cause of action in a class action, requires

11   court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the

12   facts on which the party relies. The declaration must clearly state whether consideration, direct or

13   indirect, is being given for the dismissal and must describe the consideration in detail."[3] If the

14   parties have settled the class action, that too will require judicial approval based on a noticed

15   motion (although it may be possible to shorten time by consent for good cause shown).

16

17   Pending further order of this Court, and except as otherwise provided in this Initial Status

18   Conference Order, ***these proceedings are stayed in their entirety***. This stay shall preclude the

19   filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the

20   Court; however, any defendant may file a Notice of Appearance for purposes of identification of

21   counsel and preparation of a service list. The filing of such a Notice of Appearance shall be

22   without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural

23   challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice

24   to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the

25

26   _____

27   [3] California Rule of Court, Rule 3.770(a)

28                                          -5-                          EXHIBIT   B
                                                                        PAGE      50
     _____
                        INITIAL STATUS CONFERENCE ORDER

1   parties in managing this "complex" case through the development of an orderly schedule for

2   briefing and hearings on procedural and substantive challenges to the complaint and other issues

3   that may assist in the orderly management of these cases.  This stay shall not preclude the parties

4   from informally exchanging documents that may assist in their initial evaluation of the issues

5   presented in this case, however shall stay all outstanding discovery requests.

6        Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on

7   counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of

8   service of this order. If any defendant has not been served in this action, service is to be completed

9   within twenty (20) days of the date of this order.

10

11        Dated: December 20, 2012

12

13

14                                        Judge William F. Highberger

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __B__
PAGE __51__

-6-

INITIAL STATUS CONFERENCE ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 12/20/12 | DEPT. 307 |
| HONORABLE WILLIAM F. HIGHBERGER   JUDGE | A. LIM/J. SCHMIESING   DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM #12 | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, C.A.   Deputy Sheriff | NONE   Reporter |

| 2:00 pm | BC496522 | Plaintiff Counsel | (NO APPEARANCES) |
|---|---|---|---|
| | CHRISTOPHER PERRY VS AIRCRAFT SERVICE INTERNATIONAL | Defendant Counsel | |

**NATURE OF PROCEEDINGS:**

COURT ORDER REGARDING NEWLY FILED CLASS ACTION

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for February 04, 2013, at 01:30 p.m., in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of

Page   1 of   3   DEPT. 307

| MINUTES ENTERED |
|---|
| 12/20/12 |
| COUNTY CLERK |

EXHIBIT B
PAGE 52