TERESA R. TRACY, ESQ. (SBN 89609)
Email: ttracy@gladstonemichel.com
GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925
Tel: (310) 821-9000 • Fax: (310) 775-8775

Attorneys for Defendant
AIRCRAFT SERVICE INTERNATIONAL, INC.

KEITH A. JACOBY, ESQ. (SBN 150233)
Email: kjacoby@littler.com
LITTLER MENDELSON P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310)553-0308 • Fax: (310) 553-5583

Co-Counsel for Defendant
AIRCRAFT SERVICE INTERNATIONAL, INC.

NOTE CHANGES MADE BY THE COURT

NOTE CHANGES MADE BY THE COURT

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTOPHER PERRY, individually and on behalf of all other similarly situated,

Plaintiff,

vs.

AIRCRAFT SERVICE INTERNATIONAL, INC. and DOE ONE THROUGH AND INCLUDING DOE ONE HUNDRED,

Defendants.

CASE NO. CV13-00059-SVW (AGRx)

**~~[PROPOSED]~~ PROTECTIVE ORDER**

NOTE CHANGES MADE BY THE COURT

CTRM: 6
JUDGE: Hon. Stephen V. Wilson

The Parties hereto have stipulated and agreed to entry of a Protective Order in this case. A Protective Order shall be entered in this case, with the following terms, conditions, and requirements:

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

## PROTECTIVE ORDER

1. Confidential Material. Any Party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third-parties, or (d) which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Civil Local Rules 5.2-1, 5.2-2.2 or 79-5 (hereinafter, "Confidential Material"). Any Party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). The legend, shall be affixed to each page containing any Confidential Material, except that affixing the appropriate legend on the cover of any multi-page document that is bound, stapled, or otherwise securely attached shall designate all pages of the document as Confidential, unless otherwise indicated by the producing Party.

2. Attorneys' Eyes Only Material. Any Party and any third-party shall have the right to designate as Attorneys' Eyes Only (hereinafter "Attorneys' Eyes Only") and subject to this Order any Confidential Material, or portion of any Confidential Material that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating Party. Any Party or any third-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only Material, including without limitation any information,

document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY". Material produced and marked as Attorneys' Eyes Only may be disclosed only to counsel for the receiving Party and to such other persons as counsel for the producing Party agrees in advance or as ordered by the Court.

3. Use of Confidential Material. All Confidential Material shall be used by the receiving Party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of such Confidential Material except by prior written agreement of counsel for the Parties, or by Order of the Court. This Order has no effect upon, *and* shall not apply to any producing Party's use of its own Confidential Material for any purpose.

4. Limited Disclosure of Confidential Material. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals in accordance with the terms of this Order, and subject to the further limitation above for "Attorneys' Eyes Only" material:

(a) Parties and counsel for the Parties who are actively engaged in the conduct of this litigation, as well as those partners, associates, secretaries, paralegals, legal assistants of such counsel, but only to the extent reasonably necessary to render professional services to this litigation. In the case of Parties that are corporations or other business entities, "Party" shall mean executives who are required to participate in decisions with reference to this lawsuit;

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

(b) any consultant or expert expressly retained or consulted by any Party for the purpose of testifying or rendering assistance or providing opinions in this action including, but not limited to, independent experts and consultants and the staff working under the direct supervision of such person retained or consulted, but only to the extent reasonably necessary to render professional services this litigation;

(c) Persons with prior knowledge of Confidential Material, such as a spouse of Plaintiff or a health care provider;

(d) the Court and its employees, and any special master or mediator appointed by the Court;

(e) Persons operating video recording or other equipment at depositions;

(f) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the Party who produced the information, document or thing, or if the producing Party consents to such disclosure;

(g) Vendors retained by or for any Party to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h) Such other persons who may be specifically designated and qualified to receive Confidential Material pursuant to Court Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Confidential Material so that, in the case of depositions, the other Parties can ensure that only authorized individuals who have signed the




GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

"Certification" (Exhibit A) are present at those proceedings, except that the Court and any Court personnel need not sign the Certification. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential" or "Attorneys' Eyes Only."

5. Designating Discovery and Deposition Testimony as Confidential Material.

(a) Answers to interrogatories, deposition testimony and responses to request for admissions may also be marked "Confidential" or "Attorneys' Eyes Only" subject to the terms of this Order. Transcripts containing Confidential Material shall have an obvious legend on the title page that the transcript contains Confidential Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Material and the level of protection being asserted by the designating Party. The designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "Attorneys' Eyes Only" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. With respect to any depositions that involve a disclosure of Confidential Material of a Party to this action, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other Parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all Parties shall immediately

GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 5.

6. Challenging Confidentiality Designations.

(a) Timing of Challenges. Any Party or non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Notice. The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order and Civil Local Rules 37-1 through 37-4. The Parties shall comply with Local Rule 37-1 prior to filing any motions relating to discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure.

(c) Judicial Intervention. In the event that the Parties are unable to resolve their differences regarding the designation, the Parties shall follow the procedure of Civil Local Rule 37-1 through 37-4. All Parties shall continue to afford the material in question in the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

7. Filing of Confidential Material. ~~Any~~ If a party seeks to file documents containing Confidential Information, ~~which are filed in this litigation must be~~ that party must file an application to filed under seal in conformance with Civil Local Rules 5.2-1, 5.2-2.2 and 79-5. ~~and are to be maintained under seal until further order of the Court.~~ All requests to seal

AGR

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

documents filed with the Court shall comply with Civil Local Rules 5.2-1 and 79-5 and the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal. The application shall be directed to the Judge to whom the papers are directed.

8. Inadvertent or Unintentional Failure to Designate. To the extent consistent with applicable law, inadvertent or unintentional failure to designate any material which a producing Party claims should be Confidential Material will not be deemed as a waiver of the right to make that designation. The Party to whom such inadvertent disclosure is made shall, upon written request by the producing Party, thereafter treat such material as Confidential Material in accordance with this Order. Upon receipt of such written notice, the Party who received the previously undesignated Confidential Material shall make all reasonable efforts under the circumstances (i) to retrieve all such material disclosed to persons other than those authorized in accordance with Paragraph 5 above for access to such information, (ii) to affix appropriate legends to the Confidential Material, and (iii) to prevent further use or disclosure of the information contained in the previously undesignated Confidential Material by persons other than those authorized in accordance with Paragraph 5 above for access to such information.

9. Inadvertent or Unintentional Disclosure.

(a) In the event of inadvertent disclosure of any Confidential Material to a person not authorized for access to such material in accordance with Paragraph 5 of this Order, the Party responsible for having made, and any Party with knowledge of, such disclosure shall immediately inform counsel for the Party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible Party also shall promptly take all reasonable measures (i) to ensure that no further or greater unauthorized disclosure or use of such information or

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

materials is made and (ii) to retrieve the material from the person or persons not authorized to receive such material. Each party shall cooperate in good faith in that effort.

(b) When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

10. Disclosure at Trial or Hearing. If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing Party as soon as the need arises and as directed by the Court. Notice may be given verbally and contemporaneously during trial or at any hearing before the Court.

11. Public Information. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Order.

12. No Waiver. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground.

13. Amendment or Modification. The Parties may stipulate to the amendment or modification of this Order and the Court Order on the Stipulation. On good cause shown, the Court may amend or modify any of the tenets of its

GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

Case 2:13-cv-00059-SVW-AGR Document 31-1 Filed 11/11/13 Page 9 of 14 Page ID #:1073

Order so as to further the ends of justice or to resolve any problems which may arise stemming from or relating to its Order, or as necessary to ensure compliance with Civil Local Rules 5.2-1, 5.2-2.2 and 79-5, or other applicable law. This Order and any Court Order on this Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

14. Nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

15. Binding Effect. This Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

16. Return of Confidential Material. Within sixty (60) calendar days after the final disposition of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, or upon the conclusion of participation in this action by any person who obtained access to Confidential Material pursuant to this Order, all Parties and persons bound by this Order, excluding Court personnel, shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Material and to destroy, should such source so request, all copies of Confidential Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Order. To the extent a Party requests the return of Confidential Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

17. A Non-Party's Protected Material Sought to be Produced in this Litigation.




AGR

(a) The terms of this Order are applicable to information produced by a non-Party in this action and designated as "Confidential" or "Attorneys' Eyes Only." Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions shall be construed as prohibiting a non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a non-Party's confidential information in its possession, and the Party is subject to an agreement with the non-Party not to produce the non-Party's confidential information, then the Party shall:

1. promptly notify in writing the requesting Party and the non-Party that some or all of the information requested is subject to a confidentiality agreement with a non-Party;

2. promptly provide the non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the non-Party.

(c) If the non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the non-Party's Confidential Material responsive to the discovery request. If the non-Party timely seeks a protective order, the receiving Party shall not produce any information in its possession or control that is subject to this Order with the non-Party before a determination by the Court.[1]

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-Party and to afford the non-Party an opportunity to protect its confidentiality interests in this Court.

GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

Absent a Court Order to the contrary, the non-Party shall bear the burden and expense of seeking protection in this Court of its Confidential Material.

18. Subject to Court's Jurisdiction. This Court shall retain jurisdiction after final determination or settlement of this action to enforce or modify the provisions of this Order. Each person to whom disclosures of all or part of the aforesaid Confidential Material is made agrees to subject himself or herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Order.

19. No Admission. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

20. Contempt. Any violation of the Order of the Court entered pursuant to this Order may constitute contempt of Court to the extent provided by law. (AGR)

**IT IS SO ORDERED.**

DATED: Nov. 13, 2013

Alicia G. Rosenberg
~~Hon. Stephen V. Wilson~~
Magistrate Judge of the United States District Court

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER PERRY, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC. and DOE ONE THROUGH AND INCLUDING DOE ONE HUNDRED,<br><br>Defendants. | CASE NO. CV 12 -02133 WHA<br><br>**CERTIFICATION** |

I, ____________________________, hereby acknowledge that:

1. My address is

____________________________________________________________.

2. My present employer is __________________________________ and the address of my present employment is

____________________________________________________________.

3. My present occupation or job description is

__________________________________.

4. I have carefully read and understood the provisions of this Order in this case signed by the Court, and I will comply with all provisions of this Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment. I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________ By: ______________________________
(Signature)

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC
4551 Glencoe Avenue, Suite 300
Marina del Rey, CA 90292-7925