1 | TERESA R. TRACY, ESQ. (SBN 89609)
   | Email: ttracy@gladstonemichel.com
2 | GLADSTONE MICHEL
   | WEISBERG WILLNER & SLOANE, ALC
3 | 4551 Glencoe Avenue, Suite 300
   | Marina del Rey, CA 90292-7925
4 | Tel: (310) 821-9000 • Fax: (310) 775-8775

5 | Attorneys for Defendant
   | AIRCRAFT SERVICE INTERNATIONAL, INC.
6

7 | KEITH A. JACOBY, ESQ. (SBN 150233)
   | Email: kjacoby@littler.com
8 | LITTLER MENDELSON P.C.
   | 2049 Century Park East, 5th Floor
9 | Los Angeles, CA 90067-3107
   | Tel: (310) 553-0308 • Fax: (310) 553-5583
10

11 | Co-Counsel for Defendant
    | AIRCRAFT SERVICE INTERNATIONAL, INC.

12

13 |                 **UNITED STATES DISTRICT COURT**

14 |                **CENTRAL DISTRICT OF CALIFORNIA**

15

16 | CHRISTOPHER PERRY,                    CASE NO. CV13-00059-SVW (AGRx)
    | individually and on behalf of all
17 | others similarly situated,            **DEFENDANT AIRCRAFT SERVICE**
    |                                       **INTERNATIONAL, INC.'S REPLY**
18 |                  Plaintiff,            **IN SUPPORT OF SUMMARY**
    |                                       **JUDGMENT OR, IN THE**
19 | vs.                                   **ALTERNATIVE, PARTIAL**
    |                                       **SUMMARY JUDGMENT**
20 | AIRCRAFT SERVICE
    | INTERNATIONAL, INC. and
21 | DOE ONE THROUGH AND
    | INCLUDING DOE ONE
22 | HUNDRED,

23 |                  Defendants.          Date:   November 17, 2014
                                           Time:   1:30 p.m.
24 |                                        Ctrm:   6

25

26

27

28

*Sidebar (vertical text):* GLADSTONE MICHEL WEISBERG WILLNER & SLOANE, ALC

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court denied the parties' stipulation to extend the time for Plaintiff to file an opposition to Aircraft Service International, Inc.'s ("ASII's") Motion for Summary Judgment or, in the alternative, Partial Summary Judgment. Plaintiff failed to file a timely opposition to this motion.

ASII does not believe that anything that Plaintiff may have submitted, had he done so, would effectively challenge the facts submitted by ASII or the conclusion that his claims are preempted.

To date, those courts that have considered the broad preemptive effect of the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713, have been remarkably consistent. The two cases that addressed state claims of ramp agents - the same position involved in this case - both found that California meal and rest break requirements and derivative claims were preempted. *Angeles v. US Airways, Inc.,* 2013 U.S. Dist. LEXIS 22423 (N.D. Cal., Feb. 19, 2013); *Blackwell v. SkyWest Airlines, Inc.,* 2008 U.S. Dist. LEXIS 97955 (S.D. Cal., Dec. 3, 2008). A third case, which considered operations agents, also found preemption. *Miller v. Southwest Airlines Co.,* 923 F.Supp.2d 1206 (N.D. Cal. 2013). These cases recognize the unique characteristics of air carrier operations, and the fact that these state requirements are related to air carriers' service, routes, or prices. Nothing has changed the basis for these decisions or undermined their reasoning and conclusions.

Indeed, other cases that considered facts that would have allowed an employee to disrupt an air carrier's service also found preemption. *Cunningham v. Jet Aviation Flight Servs., Inc.,* 2013 U.S. Dist. LEXIS 58401 (D.N.J., April 24, 2013)(unpublished)(pilot's complaints that she was not getting specified rest breaks between flights preempted); *Regner v. Northwest Airlines, Inc.,* 652 N.W.2d 557 (Minn.App. 2002)(airline mechanic claims were ADA-preempted because he could ground an aircraft and interrupt services).

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

1   The courts and other agencies have not hesitated to extend ADA preemption
2 to service providers such as ASII, who the air carriers use in lieu of their own
3 employees, to provide services that are closely connected to the air carriers and have
4 a significant effect on the air carriers' services, prices, or routes.  As more fully
5 discussed in ASII's opening brief, these cases run the gamut.  They involve service
6 providers who perform all manner of critical functions for carriers including:
7   • transporting baggage between the curb and the aircraft
8     (*DiFiore v. American Airlines,* 646 F.3d 81 (1st Cir. 2011);
9     *Mitchell v. US Airways, Inc.,* 2012 U.S. Dist. LEXIS 96719 (D.
10     Mass. 2012));
11   • repairing their aircraft parts
12     (*Tucker v. Hamilton Sunstrand Corp., Inc.,* 268 F.Supp.2d 1360
13     (S.D. Fla. 2003);
14   • performing their pre-departure screening
15     (*Huntleigh Corp. v. La. State Bd. of Private Security Examiners,*
16     906 F.Supp.357, 362 (M.D. La. 1995));
17   • maintaining jet bridges
18     (*Marlow v. AMR Services Corp.,* 870 F.Supp. 295 (D. Haw.
19     1994);
20   • running the computer reservation system
21     (*Lyn-Lea Travel Corp. v. American Airlines,* 283 F.3d 282 (5th
22     Cir. 2002); and
23   • cleaning and maintaining aircraft
24     (*Hallock v. National Aviation Services, LLC,* State of Rhode
25     Island Div. of Labor Standards, Claim Nos. LS:11-485, et al.).
26   The cargo ramp services that are at issue here are, if anything, even more
27 intimately connected to the air carriers' cargo transportation, since they include
28 transporting the cargo to and from the aircraft; loading and unloading the aircraft;

marshaling the aircraft to and from the ramp; operating equipment that is part of the aircraft itself as well as equipment that the cargo ramp agents attach to the aircraft or maneuver in close proximity to the aircraft; inspecting the aircraft; and cleaning the aircraft ramp area to allow the aircraft to more safely approach and leave the ramp. These tasks are performed under the close control of the air carriers. Furthermore, these services are performed in the context of highly unpredictable arrival and departure times of cargo aircraft, and during very short "turn" windows of operation established by the air carriers. If ASII causes a delay of one cargo aircraft it is expensive not only for the air carrier whose flight is delayed, but can cause a cascade of costly disruptions of cargo and commercial flights throughout the country and around the world.

Thus, even if it is ultimately and finally determined in some other case by some other court that the Federal Aviation Administration Authorization Act of 1994 ("FAAAA") does not preempt certain state laws as to certain intrastate trucking companies, the airline industry is uniquely different and ADA preemption applies. For example, unlike ASII, an intrastate trucker is not subject to its customers' close control. Unlike ASII, an intrastate trucker controls its shipments and the scheduling of its deliveries. Unlike ASII, an intrastate truck driver directly operates the primary mode of transportation - a truck, not a wide-body cargo aircraft that is operated by a regional, national, or international air carrier - and can easily pull that truck off the road to take a break. Unlike ASII, an intrastate trucker can call his customer and say that due to a traffic delay, the pickup or delivery time has changed a bit. And unlike ASII, if a truck is delayed, it only affects that truck. Such a trucker delay does not trigger a possible national and worldwide cascade effect with the related expense, inconvenience to others, and other adverse consequences, which a delayed aircraft blocking a gate, ramp or runway would incur.

Interstate Commerce Act preemption also applies, as more fully discussed in ASII's opening brief.

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

1    It is also abundantly clear from the evidence and case law submitted by ASII
2  that the Railway Labor Act, 45 U.S.C. § 151, et seq. ("RLA"), preempts Plaintiff's
3  federal overtime claim.  The National Mediation Board has consistently found that
4  the RLA applies specifically to ASII for similar positions across the country.  This
5  Court now has the evidence to support the same conclusion.  In light of the federal
6  Fair Labor Standards Act's express overtime preemption for RLA-covered
7  employers, the conclusion that this claim is preempted is inescapable.

8    As an additional reason that Plaintiff's state claims are not viable, the RLA
9  preempts them both as to state law and the IWC regulations.  Further, even if the
10  RLA does not, in and of itself, preempt them, it preempts them by reason of the fact
11  that the Collective Bargaining Agreements covering Plaintiff and his fellow cargo
12  ramp agents have provisions that require interpretation.

13    For all of the above reasons, this Court should grant ASII's motion in its
14  entirety.

15
16  DATED:  November 3, 2014        GLADSTONE MICHEL
                                    WEISBERG WILLNER & SLOANE, ALC
17
18                                  By: _____
19                                      TERESA R. TRACY
                                    Attorneys for Defendant AIRCRAFT
20                                  SERVICE INTERNATIONAL, INC.
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2014, a copy of the following document was filed electronically:

**DEFENDANT AIRCRAFT SERVICE INTERNATIONAL, INC.'S REPLY IN SUPPORT OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's System:

JONATHAN RICASA, ESQ.
LAW OFFICE OF JONATHAN RICASA
2341 Westwood Blvd., Suite 7
Los Angeles, CA 90064
Email: jricasa@ricassalaw.com

KEITH A. JACOBY, ESQ.
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Email: kjacoby@littler.com

DATED: November 3, 2014

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

By: _____
TERESA R. TRACY

Attorneys for AIRCRAFT SERVICE
INTERNATIONAL, INC.
E-Mail: ttracy@gladstonemichel.com

GLADSTONE MICHEL
WEISBERG WILLNER & SLOANE, ALC

57381 Reply in Support of MSJ-r2.docx

6