FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC. and DOE ONE THROUGH AND INCLUDING DOE ONE HUNDRED,<br><br>Defendants. | Case No. CV13-00059-SVW (AGRx)<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>*[Filed concurrently with Joint Motion for Preliminary Approval of Class Action Settlement; Declaration of Jonathan Ricasa; Declaration of Christopher Perry; Plaintiff's Memorandum of Points and Authorities in Support of Attorney's Fees Requested]*_____<br><br>Date: July 17, 2017<br>Time: 1:30 p.m.<br>Place: 350 W. First Street, Ct. Rm. 10A<br>Los Angeles, California 90012 |

Complaint Filed: November 30, 2012
Removal Date: January 4, 2013
Trial Date: None

On July 17, 2017, the Parties' Joint Motion for Preliminary Approval of the proposed class action settlement came before the Honorable Stephen V. Wilson. The Court, having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing, hereby GRANTS the Joint Motion. IT IS HEREBY ORDERED THAT:

1. The proposed class action settlement ("Settlement"), contained in the Class Action Settlement Agreement and Release of Claims ("Settlement Agreement") filed concurrently with the Joint Motion, meets the criteria for preliminary settlement approval. The Settlement is sufficiently fair, adequate and reasonable, and appears to be the product of arms'-length and informed negotiations, and treats all class and FLSA collective action members fairly and adequately to warrant sending notice of the settlement to class and FLSA collective action members and further consideration of the settlement at the Final Approval Hearing. In making this preliminary finding, the Court considered the nature of the claims, the relative strength and weaknesses of Plaintiff's claims and Defendant's defenses, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class and FLSA collective action members, and the fact that the Settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class and FLSA collective action member. Therefore, the Settlement is preliminarily approved.

2. For settlement purposes only, the proposed Settlement Class as defined in the Settlement Agreement is conditionally certified pursuant to Federal Rules of Civil Procedure, Rule 23 and the Fair Labor Standards Act.

3. With respect to this conditionally certified Settlement Class for settlement purposes, if the Settlement Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class or collective action should be certified in a non-settlement context. The Court's findings are for purposes of provisionally and conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties, or in this Action if the Settlement Agreement is not finally approved.

4. With respect to the conditionally certified Settlement Class for settlement purposes only, the Court finds preliminarily, and for purposes of proceeding pursuant to Rule 23(e) and the Fair Labor Standards Act, that the number of Settlement Class members is sufficiently numerous, and the Settlement Class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the Settlement Class, and that there is adequate and fair representation.

5. Accordingly, for purposes of the Settlement Agreement only, the Court hereby preliminarily and conditionally certifies the Settlement Class as defined above pursuant to Rule 23(e) and the Fair Labor Standards Act.

6. The Court hereby appoints CPT Group, Inc. to be the Settlement Administrator for the purpose of this Settlement.

7. The Court hereby appoints Jonathan Ricasa, of the Law Office of

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Jonathan Ricasa, as counsel for the Settlement Class ("Class Counsel") for settlement purposes only. The Court finds that Class Counsel has extensive experience and expertise in prosecuting wage and hour class actions.

8. The Court hereby appoints Christopher Perry as the representative for the settlement class ("Class Representative") for settlement purposes only.

9. The Court finds on a preliminary basis that the proposed Settlement described in the Settlement Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs, and Plaintiff's incentive payment) falls within the range of reasonableness and therefore grants preliminary approval of the Settlement Agreement. Based on the review of the papers submitted by the Parties, the Court finds that the Settlement Agreement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the Settlement Agreement is non-collusive.

10. The Court finds on a preliminary basis that the proposed notice plan contained in the Settlement Agreement is sound because individual notice will be mailed to all Settlement Class Members whose identities can be ascertained through Defendant's payroll records. The proposed Notice of Class Action Settlement ("Notice") is sufficient to inform Settlement Class Members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to the Settlement Agreement or elect not to participate in the Settlement Agreement, the processes for doing so, and the date and location of the

Final Approval Hearing. The Settlement Administrator shall mail out the Notice as set forth in the Settlement Agreement.

11. A hearing on the Final Approval Order and Judgment is hereby scheduled to be held before the Court on November 20, 2017 at 1:30 pm for the following purposes:

    a. to determine finally whether the conditionally certified Settlement Class satisfies the applicable prerequisites for class and collective action treatment of a settlement class;

    b. to determine whether the proposed Settlement Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

    c. to determine whether the Final Approval Order as provided under the Settlement Agreement should be entered, and to determine whether the Released Parties as defined in the Settlement Agreement should be released of and from the Released Claims as provided in the Settlement Agreement;

    d. to determine whether the proposed plan of allocation of the Settlement Amount is fair and reasonable and should be approved by the Court;

    e. to finally consider Plaintiff's application for the Class Representative incentive payment;

    f. to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g. to determine that the Claims Administrator's costs should be paid from the Settlement Amount; and

    h. to rule upon such other matters as the Court may deem appropriate.

12. The form of Notice appended to the Settlement Agreement as Exhibit 1 is hereby approved. Defendant shall provide the Settlement Administrator with each Settlement Class Member's name, last known address, number of shifts worked during the Class Period, social security number, and any other necessary information for the Settlement Class. No later than thirty (30) calendar days of the date of this Order, the Settlement Administrator will send via first class mail the Notice appended to the Settlement Agreement as Exhibit 1 to each Settlement Class Member by first-class mail, postage prepaid.

13. The Court finds that the Notice, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the Settlement Class Members of all material elements of the proposed Settlement, of the Settlement Class Members' right to dispute their share of the Settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the Settlement.

14. The Court hereby approves the proposed Response Deadline for exclusion and objection deadline of forty-five (45) calendar days from the initial mailing of the Notice.

15. With respect to the conditionally certified Settlement Class, the Court hereby approves the proposed procedure for opting out of the Settlement Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Settlement Class Member who requests exclusion from the Settlement Class will not be entitled to any share of

the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon. All Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Approval Order and Judgment, regardless of whether they otherwise have requested exclusion from the Settlement.

16. All reasonable costs of settlement and claims administration, including the mailing of Notice, shall be paid for as provided in the Settlement Agreement.

17. To object, a Final Settlement Class Member must mail a valid objection to the Settlement Administrator as provided for in the Settlement Agreement. The objection must be signed by the Final Settlement Class Member and contain all information required by the Settlement Agreement. The postmark date of the filing and service shall be deemed the exclusive means for determining that the objection is timely. Final Settlement Class Members who fail to object in the manner specified above shall be deemed to have waived all objections to the Settlement and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement. Final Settlement Class Members who timely mail a valid objection will have a right to appear at the final settlement hearing in order to have their objections heard by the Court.

18. It is further ordered that pending further order of this Court, all proceedings in this Action except those contemplated herein and as part of the Settlement Agreement are stayed.

19. All Parties are otherwise ordered to comply with the terms of the Settlement Agreement.

20. Jurisdiction is hereby retained over this Action and the Parties to the

Action, and each of the Settlement Class Members for all matters relating to this Action, the Settlement Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Settlement Agreement and this Order.

IT IS SO ORDERED.

DATED: July 13, 2017

_____
Honorable Stephen V. Wilson
United States District Judge

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3394778.10 25133-890

8

ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT