UNITED STATES DISTRICT COURT

CENTRAL DISTRICT

| | |
|---|---|
| Christopher Perry, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Aircraft Service International, Inc., and Doe One through and including Doe One Hundred,<br><br>    Defendants. | Case No. CV13-00059-SVW(AGR)<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Stephen V. Wilson<br>Courtroom 10A<br><br>Complaint Filed: November 30, 2012<br>Removal Date: January 4, 2013<br>Pre-Trial Conf. Date: None<br>Trial Date: None<br><br>JS-6 |

    The above captioned Action is a class action lawsuit brought by Plaintiff Christopher Perry ("Plaintiff") against Defendant Aircraft Service International, Inc. ("Defendant") (collectively the "Parties"). Plaintiff alleges that, *inter alia*, Defendant violated the California Labor Code, California Industrial Welfare Commission Wage Orders, California Unfair Competition Law, and Fair Labor Standards Act ("FLSA") by failing to provide meal and rest periods, failing to provide wage premiums for missed

1
[PROPOSED] ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

meal and rest periods, failing to pay minimum wages, failing to pay overtime wages, and failing to timely pay all final wages. Defendant denies any and all alleged wrongdoing, and denies any liability to the Plaintiff or to members of the putative class.

On July 13, 2017, this Court entered an Order Granting Motion for Preliminary Approval of Class Action Settlement, resulting in certification of the following provisional Settlement Class:

> *All persons employed by Aircraft Service International, Inc. as cargo ramp agents in Department 145 at LAX who were paid on an hourly basis, during the period November 30, 2008 until the closure of the Department in December 2013.*

That Order further directed the Parties to provide Notice to the Class, which informed absent class members of: (a) the proposed Settlement, and the Settlement's key terms; (b) the date, time, and location of the Final Approval Hearing; (c) the right of any Class Member to object to the proposed Settlement, and an explanation of the procedures to exercise that right; (d) the right of any Class Member to exclude themselves from the proposed Settlement, and an explanation of the procedures to exercise that right; and (e) an explanation of the procedures for Class Members to participate in the proposed settlement.

On November 21, 2017, the Court denied final approval of the parties' proposed class action settlement agreement without prejudice and with leave to file a new motion, on the basis that the requested 30% attorney's fees award was not warranted. (Dkt. 85.) The Parties then agreed to reduce the attorney's fees to the 25% benchmark amount referenced in the Court's Order denying final approval. (Dkt. 86, Joint Stipulation and Order Re: Final Approval of Class Action Settlement.)

Having considered the proposed Settlement Agreement, as well as all papers filed, hereby ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. The Court finds that the Settlement Class is properly certified as a class for settlement purposes only.

3. The Notice provided to the Settlement Class constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of due process.

4. The Court finds the settlement was entered into in good faith, that the settlement is fair, reasonable and adequate, and that the settlement satisfies the standards and applicable requirements for final approval of this class action settlement.

5. Zero Class Members have objected to the terms of the Settlement.

6. Zero Class Members have requested exclusion from the Settlement.

7. Upon entry of this Order, compensation to the participating members of the Settlement Class shall be effected pursuant to the terms of the Settlement Agreement.

8. In addition to any recovery that Plaintiff may receive under the Settlement, and in recognition of the Plaintiff's efforts on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to the Plaintiff, in the amount of $10,000.00.

9. The Court approves the payment of attorney's fees to Class Counsel in the sum of $207,000.00.

10. The Court approves the reimbursement of litigation expenses in the sum of $5,086.68.

11. The Court approves and orders payment in the amount of $12,000.00 to CPT Group, Inc. for performance of its settlement administration services.

12. Any unclaimed funds in the Settlement Administrator's account as a result of the failure to timely cash Settlement Share checks shall be distributed to the California Department of Industrial Relations Uncashed Check Fund in the name of the Class Member who did not cash the check.

13. Notice of this Judgment shall be given to the Class by posting this Judgment on the Settlement Administrator's website.

14. Upon the Effective Date, the Plaintiff and all members of the Settlement Class shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged Defendant from all claims as defined by the terms of the Settlement. Upon the Effective Date, all members of the Settlement Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all of the claims released under the terms of the Settlement.

15. Plaintiff and only those Class Members who cash their settlement award checks, shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged Defendant from all claims under the FLSA as defined by the terms of the Settlement.

16. This "Judgment" is intended to be a final disposition of the above captioned action in its entirety, and is intended to be immediately appealable.

17. This Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the settlement, and any and all claims, asserted in, arising out of, or related to the subject matter of the lawsuit, including but not limited to all matters related to the settlement and the determination of all controversies relating thereto.

**IT IS SO ORDERED.**

Dated: December 5, 2017

Hon. Stephen V. Wilson
United States District Judge